CHEHARDY, Chief Judge.
Argue Foley was convicted pursuant to LSA-R.S. 14:67 of theft of a thing with a value of less than $100. Defendant argues the evidence was insufficient to support her conviction.
On February 4, 1986, Argue Foley was stopped as she exited a Delchamps store. At the store manager’s request she allowed him to search her purse. It is undisputed that several items, including soap, dye and lotion, were found therein. Ms. Foley had no receipt for these items.
Brian Shoemaker, an employee of Del-champs, testified he observed Ms. Foley place two items in her purse and attempt to leave the store without paying for either.
Defendant assigns one error. She contends the evidence presented was insufficient to prove beyond a reasonable doubt that she took items belonging to Del-champs. In support of this she notes that Shoemaker testified he saw her take only two of the several items found in her purse. She further contends that Shoemaker’s testimony indicated he was uncertain as to the number and nature of the items taken. Defendant refuted Shoemaker’s testimony by testifying that she purchased the items the previous day and carried them in her purse, as her home was being remodeled and she had no place to store them.
On review of the sufficiency of the evidence, the standard used is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Cathey, 493 So.2d 842 (La.App. 5 Cir.1986).
In this case the defendant testified she purchased the items on February 3. Shoemaker testified he saw defendant attempt to remove two items she did not purchase from Delchamps on February 4 and that these items and others were found in her purse. The credibility of the witnesses is determined by the trier of fact. State v. Arnaud, 412 So.2d 1013 (La.1982); State v. Cathey, supra. The trial court apparently believed the testimony of Mr. Shoemaker. On the basis of his testimony, a rational trier of fact could find beyond a reasonable doubt that defendant did take certain items belonging to Delchamps. This assignment is, therefore, without merit.
Accordingly, the conviction is affirmed.
AFFIRMED.